UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YANKA STOYANOVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. _____ |
| | ) |
| WILLIAM BARR, Attorney | ) |
| General of the United States of America, | ) |
| | ) |
| MICHAEL POMPEO, Secretary of | ) |
| the United States Department of State, | ) |
| | ) |
| CHAD WOLF, | ) |
| Acting Secretary of the United States | ) |
| Department of Homeland Security | ) |
| | ) |
| KENNETH CUCINELLI, Acting Director, | ) |
| United States Citizenship and | ) |
| Immigration Services, | ) |
| | ) |
| SARAH TAYLOR, District Director, | ) |
| United States Citizenship and | ) |
| Immigration Services, | ) |
| | ) |
| and | ) |
| | ) |
| CHRISTOPHER WRAY, Director, | ) |
| Federal Bureau of Investigation, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR**

**INJUNCTIVE AND MANDAMUS RELIEF**

COMES NOW Yanka Stoyanova, Plaintiff in the above-styled and numbered case, and for cause of action would show unto the Court the following:

1

## PRELIMINARY STATEMENT

1. This action is brought against the Defendants to compel action on the above-identified Plaintiff's Form I-485 Application for Adjustment of Status properly filed with U.S. Citizenship and Immigration Services ("USCIS") on July 9, 2015 (*See* <u>Exhibit 1, Form I-797C, Notice of Action for Plaintiff's Form I-485</u>). The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application for almost five years, to Plaintiff's grave detriment.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 5 U.S.C. § 701, *et seq*., the Administrative Procedure Act ("APA"); 8 U.S.C. § 1329, Immigration & Nationality Act ("INA"), and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty. Further this Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202.

## VENUE

3. Venue is properly in this court pursuant to 28 U.S.C. §1391(e) as Plaintiff resides within the district under the jurisdiction of this court, the defendants are officers and employees of the United States of America and no real property is involved in this action.

## EXHAUSTION OF REMEDIES

4. Plaintiff has exhausted all administrative remedies available to her. Plaintiff has made numerous written inquiries regarding the status of her application, with no definitive response from Defendants' regarding when her application will be adjudicated. Plaintiff has also requested the assistance of Senator Mark Warner's office and Congresswoman Jennifer Wexton's office, to no avail. There are no administrative remedies remaining for Plaintiff to

exhaust, because there is no administrative body to which she can appeal the Defendants' refusal to perform their ministerial duties.

## PARTIES

Plaintiff

5. Plaintiff Yanka Stoyanova ("Ms. Stoyanova") is a native and citizen of Bulgaria who applied for permanent residence in July of 2015, and to date, the Plaintiff's application for permanent residence remains pending with USCIS.

Defendants

6. Defendant William Barr is the Attorney General of the United States, and this action is brought against him in his official capacity. The Attorney General is ultimately responsible for the Federal Bureau of Investigations ("FBI"), a subdivision of the Department of Justice.

7. Defendant Michael Pompeo is the Secretary of State of the United States. This suit is brought against him in his official capacity, as he is charged with the administration and the enforcement of immigration and nationality laws relating to the powers, duties, and functions of diplomatic and consular officers of the United States.

8. Defendant Chad Wolf is Secretary of the United States Department of Homeland Security ("DHS"), and this action is brought against him in his official capacity. He is charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 U.S.C. § 1103(a). More specifically, Defendant Wolf is ultimately responsible for the adjudication of applications for permanent residence. USCIS is an agency within the DHS subject to Defendant Wolf's supervision.

9. Defendant Kenneth Cuccinelli is the Director of USCIS. As such, he is responsible

3

for the processing of permanent residence applications. He is sued here in his official capacity.

10. Defendant Sarah Taylor, the District Director of the USCIS Washington DC District Office including the Washington, DC field office, is an official of the USCIS generally charged with supervisory authority over permanent residence applications submitted by residents of Virginia, including the Plaintiff. This action is brought against Defendant Taylor in her official capacity.

11. Defendant Christopher Wray is the Director of the FBI. Upon the request of USCIS, the FBI is responsible for performing "FBI name checks" and other background checks of all applicants for permanent residence. Director Wray is being sued here in his official capacity.

## STATEMENT OF FACTS

12. Plaintiff is a citizen of Bulgaria who has applied for permanent residence based on marriage to her U.S. citizen spouse.

13. Plaintiff filed Form I-485 Application for Adjustment of Status with USCIS on July 9, 2015, and was interviewed on January 19, 2016.  *See* Exhibit 2, Copy of USCIS Interview Notice. To date, despite numerous inquiries by Plaintiff, Senator Mark Warner's office, Congresswoman Jennifer Wexton's office, and counsel, Plaintiff's application remains pending.

## CAUSES OF ACTION
## COUNT ONE
## MANDAMUS

14. The allegations contained in paragraphs 1 through 13 above are repeated and incorporated as though fully set forth herein.

15. Plaintiff brings this action under the Mandamus Act, 28 U.S.C. §1361, which allows for a writ of mandamus to be issued if the Plaintiff has exhausted all other avenues of relief and the defendant owes her a clear, nondiscretionary duty. *Heckler v. Ringer*, 466 US 602, 616, (1984). The duty owed by the government must be "a legal duty which is a specific, plain ministerial act 'devoid of the exercise of judgment or discretion.' An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Harmon Cove Condo Assoc. v. Marsh*, 815 F.2d 949, 951 (3rd Cir 1987).

16. Defendants have a non-discretionary duty to act on applications within a reasonable time. *Haidari v. Frazier*, No. 06-3215, 2006 US Dist. LEXIS 89177 (D. Minn. Dec. 8, 2006) (noting that while "the decision of whether to grant of deny an adjustment application is discretionary… Plaintiffs are only asking [the] Court to compel Defendants to make any decision.)

17. In the instant case, Defendants have a clear, nondiscretionary duty to adjudicate cases before them in a timely manner. Defendants have manifestly been derelict in this duty.

## COUNT TWO
## UNREASONABLE DELAY
## IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

18. The allegations contained in paragraphs 1 through 17 above are repeated and incorporated as though fully set forth herein.

5

19. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, *inter alia*, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13). Plaintiff's application for adjustment of status has now remained un-adjudicated for almost five years. See *Nadler v. INS*, 737 F. Supp. 658 (D.D.C. 1989) (a delay of two years in the processing of an application for adjustment of status was considered unreasonable); *Paunescu v. INS*, 76 F. Supp. 2d 896, 902 (N.D. ILL. 1999) (mandamus granted for two year delay in processing adjustment of status application). *Yu v. Brown*, 36 F. Supp. 2d 922, 935 (D.N.M. 1999) (two and one half year delay is on its face an unreasonable amount of time to process a routine application and requires an explanation.)

20. The failure of Defendants Wolf, Cuccinelli, and Taylor to adjudicate Plaintiff's application for permanent residence, within a reasonable time, is in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335.3, violates the Administrative Procedures Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

21. The failure of Defendants Barr and Wray to complete Plaintiff's background checks within a reasonable time period, with the full knowledge that USCIS requires the completion of such FBI name checks for adjudication of applications for permanent residence, violates the Administrative Procedures Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)s(C), 706(2)(D).

22. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer injury. Declaratory and injunctive relief are therefore warranted.

6

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff prays for the following relief:

A. Assume jurisdiction of this case;

B. Compel the Defendants to adjudicate Plaintiff's Form I-485 Application for Adjustment of Status in a timely manner; and

C. Grant Plaintiff such other relief at law and in equity as this Court deems just and proper.

Respectfully submitted,

  /s/ Deeba Anwari
Deeba Anwari, Virginia Bar #76,470
THE ANWARI LAW FIRM, PC
6066 Leesburg Pike, Suite 500
Falls Church, Virginia 22041
(O) 703-348-8448 (F) 703-348-8455
danwari@businessandimmigrationlaw.com

Attorney for Plaintiff

## **Exhibit List**

Exhibit 1: Form I-797C, Notice of Action for Plaintiff's Form I-485
Exhibit 2: Copy of USCIS Interview Notice